# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

Case No.: 19-cv-2079

DONOHUE CANDY AND TOBACCO CO., INC., and KINGSTON CANDY & TOBACCO CO., INC.,

*Plaintiffs,*

-*against-*

CONSUMER PRODUCT DISTRIBUTORS, INC. D/B/A J. POLEP DISTRIBUTION SERVICES,

*Defendant.*

## DEFENDANT CONSUMER PRODUCT DISTRIBUTORS, INC. d/b/a J. POLEP DISTRIBUTION SERVICES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

O'CONNELL AND ARONOWITZ
*Attorneys for Consumer Product Distributors, Inc. d/b/a J. Polep Distribution Services*
54 State Street
Albany, New York 12207-2501
(518) 462-5601

ROBERT J. KOSHGARIAN
DANIEL J. TUCZINSKI
 *Of Counsel*

Dated: May 2, 2019

{O0399045.1}

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................1

STATEMENT OF FACTS ................................................................................3

ARGUMENT ...................................................................................................6

POINT I ...........................................................................................................6

    PLAINTIFFS ARE COLLATERALLY ESTOPPED FROM
    ASSERTING VIOLATIONS OF THE CMSA AGAINST
    CONSUMER. ..............................................................................................6

POINT II ..........................................................................................................8

    PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE
    CERTAIN CLAIMS AGAINST CONSUMER ARE NOT
    TIMELY. ....................................................................................................8

POINT III .......................................................................................................10

    PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD
    VIOLATIONS OF THE CMSA AGAINST CONSUMER. ...................10

        A.     Offering Rebates Is Not Prohibited Conduct
              Under the CMSA. ..........................................................................10

        B.     Plaintiffs' Complaint Does Not Adequately Plead
              that Consumer Failed to Act in Good Faith to
              Meet the Prices of Competitors. ..................................................12

        C.     Plaintiffs' Damages Are Not Sufficiently Plead. .......................14

CONCLUSION ...............................................................................................15

## **TABLE OF AUTHORITIES**

Page

### **Federal Cases**

*Angstrohm Precision, Inc. v. Vishay Intertechnology,*
  567 F.Supp. 537 (E.D.N.Y. 1982) ..................................................................6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..................................................................................10

*Austin v. Downs, Rachlin & Martin,*
  270 Fed. Appx. 52 (2d Cir. 2008) ...............................................................6

*Bell v. Aerodex, Inc.,*
  473 F.2d 869 (5th Cir. 1973) ...............................................................9, 10

*Cain v. Mandl College of Allied Health,*
  2017 WL 2709743 (S.D.N.Y. 2017) ........................................................13

*Carrasco v. New York City Off-Track Betting Corp.,*
  858 F. Supp. 28 (S.D.N.Y. 1994) ...............................................................8

*Conopco, Inc. v. Roll Int'l,*
  231 F.3d 82 (2d Cir. 2000) .........................................................................6

*Ghartey v. St. John's Queens Hospital,*
  869 F.2d 160 (2d Cir. 1989) .......................................................................8

*Gibson v. American Bankers Ins. Co.,*
  91 F. Supp. 2d 1037 (E.D. Ky. 2000) .........................................................8

*Hallgren v. Bell Atlantic Corp.,*
  2000 WL 726496 (S.D.N.Y. 2000) ..........................................................13

*Jones v. Bock,*
  549 U.S. 199 (2007) ....................................................................................8

*King v. New York Tel. Co.,*
  785 F.2d 31 (2d Cir. 1986) .........................................................................8

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.,*
  51 F. Supp. 2d 457 (S.D.N.Y. 1999) ..........................................................8

{00399045.1}

ii

*Parklane Hosiery Co., Inc., v. Shore,*
439 U.S. 322 (1979) .......................................................................................6

*PCH Assocs., In re,*
949 F.2d 585 (2d Cir.1991) ...........................................................................7

*Petrella v. MGM,*
134 S. Ct. 1962 (2014).................................................................................9

*Polotti v. Flemming,*
277 F.2d 864 (2d Cir. 1960) .........................................................................14

*Safety-Kleen Sys. v. Silogram Lubricants Corp.,*
2013 WL 6795963 (E.D.N.Y. 2013) ............................................................13

*Santos v. District Council,*
619 F.2d 963 (2d Cir. 1980) .........................................................................9

*Winters v. Lavine,*
574 F.2d 46 (2d Cir. 1978) ...........................................................................6

## New York State Cases

*Kronos, Inc. v. AVX Corp.,*
81 N.Y.2d 90 (1993)......................................................................................14

*Schwartz v. Pub. Adm'r of Bronx Cty.,*
24 N.Y.2d 65 (1969) ......................................................................................7

## Federal Statutes

Federal Rule of Civil Procedure 12(b)(6)...........................................................6, 8

## New York State Statutes

N.Y. C.P.L.R. § 214(2)...................................................................................5, 9

N.Y. Tax Law § 470(11) ....................................................................................4

N.Y. Tax Law § 483(a)(2) ..................................................................................4

N.Y. Tax Law § 484(a)(1) .........................................................................4, 10, 11

N.Y. Tax Law § 484(a)(2) ..................................................................................11

{O0399045.1}

N.Y. Tax Law § 484(a)(6) ......................................................................................................4, 11

N.Y. Tax Law § 484(b)(1) ...........................................................................................................14

N.Y. Tax Law § 486(a)(4)(B) ......................................................................................................12

N.Y. Tax Law § 486(b)(1) ......................................................................................................12, 15

## PRELIMINARY STATEMENT

Defendant Consumer Product Distributors, Inc. d/b/a J. Polep Distribution Services ("Consumer") submits this memorandum of law in support of its motion seeking an order:

      (a)    dismissing Count I of plaintiffs' Complaint for failure to state a claim for relief on limitations grounds and insufficient pleading;

      (b)    dismissing Count I of plaintiff's Complaint because plaintiffs are collaterally estopped from re-litigating the same issue against Consumer in the instant action which was previously raised, and dismissed, in New York State Supreme Court; and

      (c)    awarding to Consumer costs and such other and further relief as the Court may deem just and proper.

This brief incorporates by reference the contents of the accompanying affidavit of Robert J. Koshgarian, Esq. ("Koshgarian Aff."), including the definitions of terms used therein.

Plaintiffs served the instant Complaint against Consumer under the above-referenced case number as a result of an order of the Court directing plaintiffs to re-file separate claims as to each Defendant. (Dkt. No. 1).[1] The Complaint as against Consumer is brought by plaintiffs, Donohue Candy and Tobacco Co., Inc. ("Donohue") and Kingston Candy & Tobacco Co., Inc. ("Kingston") (collectively, "plaintiffs"). Plaintiffs allege one

---

[1] On April 3, 2019, the Court, in accordance with plaintiff's Stipulation and Proposed Order Regarding Severance, directed plaintiffs to open new cases corresponding to their respective Amended Complaints, including against Consumer. Koshgarian Aff., at ¶8.

      1

count against Consumer in their Complaint:  that its conduct allegedly violates the New York Cigarette Marketing Standards Act, N.Y. Tax Law Art. 20-A ("CMSA") by charging illegal prices below the legal minimums with the intent of injuring Donohue and Kingston by taking business from them.  *See* Koshgarian Aff. Ex. B, at ¶4.  In essence, plaintiffs allege that Consumer disguised its allegedly illegal prices, by calling them "credits" for such things as nonexistent returned or damaged goods.  *Id.*  Plaintiffs further allege in conclusory fashion that Consumer acted with the intent to injure Donohue, Kingston and other competitors, and to destroy or substantially lessen competition.  *Id.* at ¶45.

Plaintiffs' Complaint must be dismissed because, following the Supreme Court's decision to dismiss plaintiffs' complaint as to Harold Levinson Associates, LLC ("HLA") for violations of the CMSA[2], plaintiffs are collaterally estopped from re-litigating the same issue against Consumer in the instant action.  In that case, the Court concluded, among other things, that offering of rebates is not considered conduct that violates the statute.  *See* Ex. A, Koshgarian Aff., at p. 12. Further, the same issue was raised and decided in Supreme Court, and plaintiffs had the opportunity to fully and fairly litigate that issue. Plaintiffs cannot merely switch adversaries and re-litigate the same cause of action against Consumer which was previously unsuccessful against HLA. In fact, plaintiffs' complaint in Supreme Court set forth more detailed examples of alleged CMSA violations by HLA as to approximately eight different retailers, and the Supreme Court still deemed plaintiffs' complaint to be insufficient. Plaintiffs' Complaint as to Consumer lacks specificity and at

---

[2] On August 3, 2018, the Supreme Court, Kings County dismissed plaintiffs' complaint as to HLA. HLA, like Consumer, is a licensed cigarette agent and wholesaler.  *See* Exhibit (Ex.) C to Affidavit in Support of Motion to Dismiss ("Koshgarian Aff."), at ¶11-12.

most generally alleges that Consumer violated the CMSA. The Supreme Court performed an exhaustive analysis of the CMSA provisions at issue. Its rationale is well-reasoned, supported by the relevant statutory language, and should not be disturbed. To date, the Supreme Court's decision has not been overturned. For this reason alone, plaintiffs' Complaint must be dismissed.

Even if plaintiffs are found not to be collaterally estopped from asserting the same cause of action against Consumer, Plaintiffs' Complaint against Consumer is deficient in two regards. First, based on plaintiffs' own allegations, at least some of their claims against Consumer are not timely. Second, plaintiffs' Complaint fails to sufficiently plead that Consumer's conduct amounts to a violation of the CMSA because it does not plead that Consumer engaged in any acts that are prohibited by the CMSA, that Consumer acted with the intent to injure its competitors, or that any of its below-cost sales were not effectuated in good faith. Further, the Complaint is not pled with sufficient particularity in that it fails to plead conduct in which Consumer engaged, that constituted a violation of the CMSA during the applicable limitations period.

Based on the foregoing, Consumer moves to dismiss plaintiffs' Complaint against it in its entirety.

### STATEMENT OF FACTS

The facts set forth below are contained in the Complaint and are accepted as true solely for the purposes of this motion.

Plaintiffs brought this action against Consumer for injunctive relief and to recover damages and costs under the CMSA. Consumer is licensed in New York State and New

York City as a cigarette stamping agent and wholesaler,[3] and is governed by the CMSA. Koshgarian Aff., Ex. B at ¶15.  The CMSA sets the minimum prices at which cigarette wholesalers, agents, and distributors can sell cigarettes in New York State; it prescribes a statutory formula comprised of three components:  the price set by the cigarette manufacturer; the cost of tax stamps; and the mark-up amount (Koshgarian Aff., Ex. B at ¶¶28, 30 and 31, respectively).  The "mark-up amount" is set by statute and provides for different mark-up amounts depending upon the type of customer to whom the stamping agent sells cigarettes.  *Id.*  The percentages in the CMSA formula are presumed to be a distributor's cost of doing business.  The New York State Tax Commission, however, has the power to approve alternative mark-ups for wholesalers and retailers upon a showing of satisfactory proof that its costs are lower than the formula cost.  Koshgarian Aff., Ex. B at ¶35.

The CMSA makes it unlawful for any cigarette stamping agent or wholesale or retail dealer, to advertise, offer to sell, or sell cigarettes for less than the cost to the agent with the intent to injure competitors or destroy or substantially lessen competition. N.Y. Tax L. § 484(a)(1).  Pursuant to the statute, the giving of a rebate is *prima facie* evidence of intent to injure competitors and to destroy or substantially lessen competition.  N.Y. Tax L. § 484(a)(6).  A stamping agent, however, may sell cigarettes to a particular customer for

---

[3] A "wholesale dealer" is any person, other than an agent, who sells cigarettes to retail dealers or other persons for purposes of resale only and who maintains a separate warehousing facility for the purpose of receiving and distributing cigarettes and conducting its wholesale business. *See* N.Y. Tax L. § 483(a)(2).

An "agent" is defined as "any person licensed by the commissioner of taxation and finance to purchase and affix adhesive or meter stamps on packages of cigarettes…" *Id.* § 470(11).

less than the statutory minimum price where it can establish that a competitor was selling cigarettes to that customer for a price lower than the statutory minimum, and the stamping agent acts in good faith to meet the price of that competitor. Koshgarian Aff., Ex. B at ¶40.

Plaintiffs' Complaint alleges that "since before 2015 and continuing until the present time," Consumer violated the CMSA by "giv[ing] rebates to its customers in New York…with the intent to injure [Plaintiffs]." Koshgarian Aff., Ex. B at ¶45. Plaintiffs further allege that as a result of Consumer's alleged practices, their businesses were severely damaged, and that Consumer has "taken advantage of Donohue Candy's and Kingston Candy's compliance with the law to steal away their established and prospective business with its illegal prices and to keep that business for itself." *Id.* at ¶6.

Consumer now moves to dismiss plaintiffs' Complaint because plaintiffs are collaterally estopped from re-litigating the same issue against Consumer, which was dismissed as to HLA, another New York State licensed cigarette agent and wholesaler, in the Supreme Court, Kings County. Further, Consumer moves to dismiss so much of plaintiffs' Complaint as is based on acts outside of the statute of limitations, which is three years pursuant to N.Y. Civ. Prac. L. and Rules ("CPLR") § 214(2). Last, Consumer moves to dismiss plaintiffs' Complaint because their allegations are insufficient to state a claim for relief.

# ARGUMENT

## POINT I

### PLAINTIFFS ARE COLLATERALLY ESTOPPED FROM ASSERTING VIOLATIONS OF THE CMSA AGAINST CONSUMER.

Plaintiffs are collaterally estopped from alleging that Consumer violated the CMSA because they already had the opportunity to fully and fairly litigate the same cause of action in the Supreme Court, Kings County, and were unsuccessful.

"When a defendant raises the affirmative defense of res judicata or collateral estoppel 'and it is clear from the face of the complaint ... that the plaintiff's claims are barred as a matter of law,' dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate." *Austin v. Downs, Rachlin & Martin,* 270 Fed. Appx. 52, 53 (2d Cir. 2008) (quoting *Conopco, Inc. v. Roll Int'l,* 231 F.3d 82, 86–87 (2d Cir. 2000)).

The doctrine of collateral estoppel serves to avoid the re-litigation of issues actually and necessarily determined in a prior suit. *See Angstrohm Precision, Inc. v. Vishay Intertechnology*, 567 F.Supp. 537, 539 (E.D.N.Y. 1982) (*citing Winters v. Lavine,* 574 F.2d 46 (2d Cir. 1978)). The major policy consideration in favor of the application of collateral estoppel is the need to promote economy of judicial resources, finality, consistency and fairness. *Id.* More specifically, defensive use of collateral estoppel precludes a plaintiff from re-litigating identical issues by merely "switching adversaries." *Parklane Hosiery Co., Inc.*, *v. Shore*, 439 U.S. 322, 330 (1979).

Collateral estoppel applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there

was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *In re PCH Assocs.,* 949 F.2d 585, 593 (2d Cir.1991); *see also Schwartz v. Pub. Adm'r of Bronx Cty.,* 24 N.Y.2d 65, 70 (1969) ("[I]n a long series of cases ... [courts] have permitted a defensive use of collateral estoppel so long as there was an identity of issues, and the party against whom the estoppel was being asserted had a full opportunity to contest the issue.")

Each of these factors is met in the case at bar.  A review of the allegations contained in plaintiffs' Supreme Court action, with those in this case, reveals that many of the allegations of fact which purportedly give rise to violations under the CMSA, are virtually identical.  *See* Koshgarian Aff., Ex. A. In fact, plaintiffs demanded the same injunctive relief and damages for the same alleged violations in both actions.  Further, plaintiffs base each action on the same legal theory and cause of action—that defendants violated the CMSA by offering rebates to its New York customers.  After dismissal of their complaint in Supreme Court, plaintiffs are again trying to advance the same unsuccessful claims against Consumer.  Plaintiffs had the opportunity to fully and fairly litigate the Supreme Court action and were unsuccessful.  The Supreme Court rendered a final judgment that plaintiffs failed to state a cause of action on the same theory being asserted here.  *Id.*  To date, this Decision has not been overturned.  Koshgarian Aff., at ¶11.

For the reasons determined by the Supreme Court in its Decision and Order, plaintiffs are now collaterally estopped from pursuing the same unsuccessful cause of action as to Consumer.  Accordingly, plaintiffs' Amended Complaint as to Consumer must be dismissed for failure to state a claim.

## POINT II

### PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE CERTAIN CLAIMS AGAINST CONSUMER ARE NOT TIMELY.

A motion to dismiss for failure to comply with the statute of limitations generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *Ghartey v. St. John's Queens Hospital,* 869 F.2d 160, 162 (2d Cir. 1989); *Carrasco v. New York City Off-Track Betting Corp.,* 858 F. Supp. 28, 30 (S.D.N.Y. 1994). A defendant may raise a pre-answer statute of limitations defense as part of a Rule 12(b)(6) motion to dismiss "[w]here the dates in a complaint show that an action is barred by a statute of limitations." *Ghartey*, 869 F.2d at 162. A statute of limitations is normally an affirmative defense; however, if the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

A statute of limitations defense signifies, in essence, that on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See Gibson v. American Bankers Ins. Co.*, 91 F. Supp. 2d 1037, 1041 (E.D. Ky. 2000). A motion to dismiss based on statute of limitations grounds is appropriate where the alleged violations occurred outside the permissible statutory period. *See Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 51 F. Supp. 2d 457, 468 (S.D.N.Y. 1999).

The general rule in the Second Circuit is that a cause of action accrues when "'the plaintiff could first have successfully maintained a suit based on that cause of action.'" *King v. New York Tel. Co.*, 785 F.2d 31, 33 (2d Cir. 1986) (quoting *Santos v. District*

*Council*, 619 F.2d 963, 968-69 (2d Cir. 1980) (in turn quoting *Bell v. Aerodex, Inc.*, 473 F.2d 869, 873 (5th Cir. 1973))).

The statute of limitations in this action is governed by CPLR section 214(2), which provides that a three-year statute of limitations applies to an action to recover upon a liability, penalty, or forfeiture created or imposed by statute. *See* CPLR 214(2). Plaintiffs' claims against Consumer are based solely on alleged violations of the CMSA. The Complaint, however, alleges statutorily barred conduct that purportedly occurred "since before 2015," during which time Consumer purportedly engaged in a scheme to give rebates to its New York customers, which in turn resulted in charging cigarette prices below the legal minimums prescribed by the CMSA. *See* Koshgarian Aff., Ex. B at ¶45.

Accordingly, insofar as the claim against Consumer seeks to recover for actions that preceded February 6, 2015 (three years prior to the date plaintiffs filed their original state court complaint against Consumer), such a claim is beyond the three-year limitations period and must be dismissed. If only some of the alleged wrongdoing occurred prior to that date, then to the extent the claims are based on that wrongdoing, that portion of the Complaint must be dismissed. *See Petrella v. MGM*, 134 S. Ct. 1962, 1970 (2014) (holding that, in the copyright infringement context, "when a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely…with respect to more recent acts of infringement (*i.e.*, acts within the three-year window), *but untimely with respect to prior acts of the same or similar kind*;" emphasis added).

## POINT III

### PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD VIOLATIONS OF THE CMSA AGAINST CONSUMER.

Plaintiffs fail to state a claim that Consumer violated the CMSA because their Complaint does not sufficiently plead that Consumer engaged in conduct that actually violated the CMSA or that any below-cost cigarette sales by Consumer were not made in good faith to meet competition.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 555 (2007). It also is well-settled that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to defeat a Rule 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678. "[O]nly a complaint that states a plausible claim for relief [will] surviv[e] a motion to dismiss." *Id.* at 679.

### A.      Offering Rebates Is Not Prohibited Conduct Under the CMSA.

Section 484(a)(1) makes it unlawful for "any agent [or] wholesale dealer…with intent to injure competitors or destroy or substantially lessen competition…to advertise, offer to sell, or sell cigarettes at less than the cost of such agent [or] wholesale dealer." N.Y. Tax L. § 484(a)(1). To state a valid claim under the CMSA, plaintiffs must allege that Consumer engaged in an act that violates the CMSA, such as advertising, offering to sell, or selling cigarettes that were below its costs; and if so, that such sales were not made

{00399045.1}                                              10

in good faith to meet competition.  *Id.*

Plaintiffs attempt to prove that Consumer violated the CMSA by citing to two examples in which Consumer purportedly offered rebates to customers, and as a result, was able to gain and keep that business because it offered lower prices.  *See* Koshgarian Aff., Ex. B, at ¶¶58-74.  Plaintiffs further allege that the rebates "drove the prices for such cigarettes below the applicable minimum prices, and it did so with the intention of taking customers away from competitors…" *Id.*, at ¶78.

Plaintiffs' Complaint, however, fails to make any allegation that Consumer engaged in conduct that is explicitly proscribed by the CMSA.  More specifically, the Complaint does not allege that Consumer advertised, offered to sell, or sold cigarettes that were below cost.  *See* N.Y. Tax L. § 484(a)(1).  Plaintiffs rely solely on their allegations that Consumer "engaged in a broad scheme *to give rebates* to its customers in New York" in order to prove that it violated the CMSA.  *See* Koshgarian Aff., Ex. B, at ¶45 (emphasis added).  Offering rebates is not prohibited conduct under the statute.

Section 484(a)(2) makes it illegal for any wholesale dealer "to induce or attempt to induce or to procure or attempt to procure the purchase of cigarettes at a price less than the cost of the agent," or "to induce or attempt to induce or to procure or attempt to procure any rebate or concession of any kind or nature whatsoever in connection with the purchase of cigarettes." N.Y. Tax L. § 484(a)(2).  Further, the statute states that "evidence of any offer of a rebate in price, or giving of a rebate in price . . . shall be *prima facie* evidence of *intent to injure* competitors and to destroy or substantially lessen competition." *Id.* § 484(a)(6) (emphasis added).  From the statute's plain language, it is clear that the CMSA

does not place a ban on the *offering* of rebates by wholesale dealers; rather, it bans the request of one by a wholesale dealer from, *e.g.*, a manufacturer.[4]  Moreover, the Legislature did not construe the offering of a rebate as an act that violates the statute such as advertising, offering to sell, or selling cigarettes at below-cost prices.  Rather, the statute makes clear that the offering of rebates goes only to the proof of *intent* to injure.  *Id*.

Based on the face of plaintiffs' Complaint, a violation of the CMSA could not have been alleged by plaintiffs because rebating, by definition, does not amount to conduct prohibited by the CMSA.

**B.    Plaintiffs' Complaint Does Not Adequately Plead that Consumer Failed to Act in Good Faith to Meet the Prices of Competitors.**

The Complaint also fails to plead that Consumer acted with the requisite intent to injure its competitors, or that its below-cost sales were not effectuated in good faith. Section 486(b)(1) provides that "[a]ny agent or wholesale dealer may advertise, offer to sell, or sell cigarettes at a *price made in good faith to meet the price of a competitor who is rendering the same type of services and is selling the same article at a cost to him as an agent or as a wholesale dealer*, as the case may be."  N.Y. Tax L. § 486(b)(1) (emphasis added).

The Complaint does not offer anything more than conclusory and factually unsupported allegations that Consumer made no good faith efforts to determine whether

---

[4] Similarly, a retail dealer is prohibited from inducing or attempting to induce, or procuring, a rebate by, e.g., a wholesale dealer.  N.Y. Tax L. § 486(a)(4)(B).

{00399045.1}                                                    12

any of its competitors were offering legal prices for the same goods that were below the statutory minimum. *Id.* at ¶73. Rather, the Complaint merely recites or parrots the statutory language of this good faith exclusion by asserting nothing more than that "[Consumer] did not make good faith efforts to determine whether any of its competitors [offered]…legal prices for the same goods that were below the statutory minimum…." *Id.*, at ¶¶65, 73.

In *Safety-Kleen Sys. v. Silogram Lubricants Corp.*, 2013 WL 6795963, at *9 (E.D.N.Y. 2013), this Court dismissed the complaint because, "beyond…bare bones allegations that track the [applicable] statutory language," the complaint contained no factual allegations or details that indicated a fraudulent conveyance had occurred, such as when the transfers occurred, how much money was involved in the transfers, or the basis upon which the plaintiff believed the transfers were completed without consideration. *Id.*; *see Cain v. Mandl College of Allied Health*, 2017 WL 2709743, at *4 (S.D.N.Y. 2017) (in dismissing plaintiff's complaint, the court held that plaintiff's allegations that merely tracked the statutory language were insufficient to demonstrate her claims for discrimination and retaliation pursuant to the Americans with Disabilities Act ("ADA") and the Rehabilitation Act); *see also, Hallgren v. Bell Atlantic Corp.*, 2000 WL 726496, at *1 (S.D.N.Y. 2000) (dismissing plaintiff's ADA claim because she "merely parrot[ed] the statutory language" in her complaint rather than specifying how her ailments affect her major life activities).

Similarly, plaintiffs here fail to allege any facts or details to support their allegation that Consumer made no good faith efforts to meet the pricing of those other defendants in

the original caption of this action; or conversely, fail to allege that Consumer acted in *bad*

faith in setting its prices. *See Polotti v. Flemming*, 277 F.2d 864, 868 (2d Cir. 1960) ("In

New York, …'good faith' connotes an actual state of mind—a state of mind motivated by

proper motive.") Therefore, the Complaint does not sufficiently plead that Consumer failed

to act in good faith when setting its prices.

## C.    Plaintiffs' Damages Are Not Sufficiently Plead.

The Complaint does not specify how the plaintiffs' damages reasonably can be

measured or inferred.  Pursuant to section 484(b)(1), in an action to enjoin a violation of

the CMSA, "it shall not be necessary that actual damages to the plaintiff be alleged or

proved, but where alleged and proved, the plaintiff in said action, in addition to such

injunctive relief and costs of suit,…shall be entitled to recover from the defendant the

actual damages sustained by such relief." N.Y. Tax L. § 484(b)(1).  An "inference of actual

damages" must be "implicit by the facts alleged in the . . . complaint." *Kronos, Inc. v. AVX*

*Corp.*, 81 N.Y.2d 90, 97 (1993).

Plaintiffs generally allege that "as a result of Defendant's violations, Plaintiffs have

been injured in amounts to be determined at trial," that they "lost customers and business

when customers switched some or all of their purchases to [Consumer]," and that plaintiffs

"also had the value of their businesses reduced" because of Consumer's illegal actions. *See*

Koshgarian Aff., Ex. B, at ¶¶7, 79.  This fails to set forth how any act by Consumer that is

prohibited under the CMSA (*see supra*, Point III.A) harmed plaintiffs such that their actual

damages reasonably can be inferred. *Id.*  Further, plaintiffs' pleading cites only to CMSA

statutory minimums as of October 2017 (*id.*, at ¶¶33-34), which do not apply to the vast

{00399045.1}                                    14

majority of the applicable statute of limitations period and therefore cannot provide a legal basis for actual damages incurred by plaintiffs. *See supra*, Point II.  Nor are there any allegations that, despite the CMSA's inclusion of good faith competition provisions (N.Y. Tax L. § 486(b)(1)), plaintiffs sought to mitigate their alleged damages by taking advantage of same.

Plaintiffs' Complaint must be dismissed as to Consumer for failure to state a claim for relief because none of its allegations sufficiently plead a violation of the CMSA.

## CONCLUSION

For all the foregoing reasons, Consumer respectfully requests that this Court grant its motion to dismiss because plaintiffs are collaterally estopped from re-litigating the same issue, so much of plaintiffs' Complaint is based on acts outside of the relevant statute of limitations period, and because the Complaint fails to state a cause of action against Consumer, together with such further relief as the Court may deem proper.

Dated:  May 2, 2019                    O'CONNELL AND ARONOWITZ

By:

Robert J. Koshgarian, Esq.
*Attorneys for Defendant Consumer Product Distributors, Inc. d/b/a J. Polep Distribution Services*
54 State Street, 9th Floor
Albany, New York 12207-2501
Tel: (518) 462-5601
Email:  bkoshgarian@oalaw.com

{O0399045.1}                          15